UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS WUTRICK, | ) |
|        Plaintiff, | ) |
| v. | ) No. 16-cv-577 |
| KRIS CAIRNS and BAD BOY TRUCKING, LLC, | ) **Plaintiff Demands a Jury Trial** |
|        Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Dennis Wutrick ("Wutrick"), by and through his attorneys, Levinson and Stefani, and complaining of the Defendants, Kris Cairns ("Cairns") AND Bad Boy Trucking, LLC ("Bad Boy"), states as follows:

### Venue and Jurisdiction

1. The Plaintiff is a citizen of the State of Ohio.

2. The Defendant, Cairns, is a citizen of the State of Texas.

3. The Defendant, Bad Boy, is a limited liability corporation incorporated under the laws of the State of Arkansas, has its principal place of business in the State of Arkansas, and is a citizen of the State of Arkansas.

4. Upon information and belief, the members of Bad Boy, Edward D. Jones and Nikcolette T. Jones, are citizens of the State of Arkansas.

5. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00. Each of the parties hereto is a citizen of the United States, but is a citizen of separate states within the United States.

6. This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Facts Common to All Counts

8. At all relevant times herein, Defendant Bad Boy was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

9. At all relevant times herein, Defendant Cairns was a professional truck driver employed by Bad Boy.

10. At all relevant times, Defendant Cairns was driving for and/or on behalf of Defendant Bad Boy.

11. At all relevant times herein, Cairns was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

12. On or about June 17, 2015, Wutrick was driving eastbound on US Interstate 57, near mile marker 163.

13. At the aforementioned time and place, Bad Boy was the owner of a 2006 Peterbilt Semi Truck, US DOT Number 802886 (hereinafter "Semi Truck"), being driven by its agent and servant, Defendant Cairns, eastbound on US Interstate 57 near mile marker 163, and behind Wutrick, in Effingham County, Illinois.

14. At all relevant times herein, Plaintiff and Defendant were travelling in a

      construction zone.

15. The Plaintiff at all relevant times herein was exercising due care for his own safety.

## COUNT I
## Negligence against Cairns

16. The Plaintiff hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

17. At said time and place, it was the duty of the Defendant, Cairns, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Dennis Wutrick.

18. Notwithstanding the foregoing duty, the Defendant, Cairns, did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a) operated the Semi Truck at a speed too great for conditions prevailing;

   b) exceeded a safe speed for the present road conditions, specifically in a construction zone;

   c) failed to keep a proper lookout;

   d) followed the Plaintiff's vehicle too closely;

   e) failed to avoid a collision with the vehicle operated by Plaintiff;

   f) failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

   g) struck the vehicle occupied by the Plaintiff;

   h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed; and

   i) failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

19. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Cairns, did violently collide with the vehicle driven by the Plaintiff, Dennis Wutrick, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

   a)   bodily injury;

   b)   pain and suffering;

   c)   lost wages and injury to earning capacity;

   d)   medical expenses; and

   e)   disability or loss of normal life.

WHEREFORE, the Plaintiff, Dennis Wutrick, prays for judgment against the Defendant, Cairns, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT II
## Negligence against Bad Boy Trucking, LLC (Respondeat Superior)

20. The Plaintiff hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

21. At said time and place, Defendant Cairns was operating the Semi Truck under the authority and control of his employer or contractor, Bad Boy Trucking.

22. At said time and place, Defendant Cairns was operating the Semi Truck with the consent of Bad Boy.

23. At said time and place, Defendant Cairns was operating the Semi Truck in the course and scope of his employment with Bad Boy.

24. At said time and place, it was the duty of Defendant Bad Boy, by and through its agent or employee, Defendant Cairns, to own, operate, maintain, and

  control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Dennis Wutrick.

25. Notwithstanding the foregoing duty, the Defendant, Bad boy, by and through its agent or employee Defendant Cairns, did own, operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:
    a) operated the Semi Truck at a speed too great for conditions prevailing;
    b) exceeded a safe speed for the present road conditions, specifically in a single lane construction zone;
    c) failed to keep a proper lookout;
    d) followed the Plaintiff's vehicle too closely;
    e) failed to avoid a collision with the vehicle operated by Plaintiff;
    f) failed to slow or stop his Semi Truck when danger to the Plaintiff was imminent;
    g) struck the vehicle occupied by the Plaintiff;
    h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed; and
    i) failed to properly maintain the Semi Truck, including but not limited to adequate brakes.

26. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Cairns in the course of his employment with Bad Boy, did violently collide with the vehicle driven by the Plaintiff, Dennis Wutrick, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:
    a) bodily injury;
    b) pain and suffering;
    c) medical expenses; and
    d) disability or loss of normal life.

WHEREFORE, the Plaintiff, Dennis Wutrick, prays for judgment against the Defendant, Bad Boy, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT III
### Direct Negligence against Bad Boy Trucking, LLC

27. The Plaintiff hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

28. The Defendant, Bad Boy, had the duty to act reasonably in hiring, training, and retaining Defendant Cairns to operate the Semi Truck.

29. The Defendant, Bad Boy, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Cairns, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

30. Notwithstanding the foregoing duties, the Defendant, Bad Boy, did breach said duties in one or more of the following ways:
    a) knew or should have known that Cairns was unfit to operate the Semi Truck;
    b) allowed Cairns to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;
    c) did not take appropriate action in training Cairns;
    d) did not take appropriate action in disciplining or re-training Cairns when it knew or should have known Cairns failed to comply with various rules and regulations;
    e) did not remove Cairns from duties after it knew or should have known Cairns was unfit for the job; and
    f) did not provide supervision of Cairns when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

31. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Bay Boy and driven

Defendant Cairns did violently collide with the vehicle occupied by the Plaintiff, Dennis Wutrick, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) lost wages and earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Dennis Wutrick, prays for judgment against the Defendant, Bad Boy, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Respectfully submitted,

By: **/s/ Brett A. Manchel**

LEVINSON AND STEFANI
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
brett@levinsonstefani.com
ARDC Number: 6309601